**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Case No. 02-CR-0035-CVE |
| ) | 06-CV-0038-CVE-SAJ |
| RICHARD JAY COGLEY,    ) | |
| ) | |
| Defendant.    ) | |

## OPINION AND ORDER

On January 19, 2006, Defendant Richard Jay Cogley filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 49). Defendant alleges his sentence was unconstitutionally enhanced and cites United States v. Booker, 125 S.Ct. 738 (2005), in support of his claim. For the reasons discussed below, the Court finds Defendant's motion shall be dismissed with prejudice as barred by the one-year statute of limitations.

### *BACKGROUND*

The Court's records reflect that on August 1, 2002, Defendant was convicted on his plea of guilty to Counts 2 and 3 of a superseding indictment. On December 30, 2002, he was sentenced to 87 months imprisonment on Count 2, Receipt through Interstate Commerce of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2), and to 60 months imprisonment on Count 3, Receipt of Obscene Matter through Interactive Computer Service, in violation of 18 U.S.C. § 1462. The sentences were ordered to run concurrently. Counts 1, 4, and 5 were dismissed. Judgment (Dkt. # 47) was entered January 6, 2003. Defendant did not perfect a direct appeal to the Tenth Circuit Court of Appeals and has not previously filed a 28 U.S.C. § 2255 motion.

*ANALYSIS*

Paragraph 6 of 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In this case, Defendant's conviction became final on January 16, 2003, or ten (10) days after entry of his judgment when his time for appeal expired. Fed. R. App. P. 4(b)(1)(A)(i); United States v. Burch, 202 F.3d 1274, 1278-79 (10th Cir. 2000). Therefore, Defendant had until January 16, 2004, to file a timely § 2255 motion. As stated above, the instant motion was not filed until more than two (2) years later, on January 19, 2006, and appears to be untimely.

However, Defendant specifically cites to the Supreme Court's decision entered in United States v. Booker, 125 S.Ct. 738 (2005), in requesting relief under § 2255. He also argues that his one-year limitations period began to run on January 12, 2005, the date of the Booker decision, and cites to Dodd v. United States, 125 S.Ct. 2478 (2005), in support of his proposition that his § 2255 motion is timely. The Court disagrees with Defendant's argument. In Dodd, the Supreme Court held that the one-year limitation period under ¶ 6(3) of 28 U.S.C. § 2255 begins to run on the date

on which the Supreme Court "initially recognized" the right asserted in an applicant's motion. Dodd, 125 S.Ct. at 2482. However, a federal prisoner may take advantage of that date only if the asserted right has also been made retroactively applicable to cases on collateral review. Id.

Defendant's argument fails because the Supreme Court's holding in Booker has not been made retroactively applicable to cases on collateral review. The Supreme Court expressly applied its holding in Booker only to cases on direct review. Booker, 125 S.Ct. at 769. That Court did not expressly declare, nor has it since declared, that Booker should be applied retroactively to cases on collateral review. In addition, the Tenth Circuit Court of Appeals has refused to apply Booker retroactively to cases on collateral review. United States v. Bellamy, 411 F.3d 1182, 1184 (10th Cir. 2005) (holding that "Booker does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005"); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005) (holding that Booker may not be applied retroactively to second or successive habeas petitions). Therefore, Booker does not serve as a basis for restarting Defendant's statute of limitations.

## *CONCLUSION*

Defendant's 28 U.S.C. § 2255 motion, filed January 19, 2006, or more than three (3) years after Defendant's conviction became final and more than two (2) years after expiration of the one-year limitations period, is time-barred and shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendant's 28 U.S.C. § 2255 motion (Dkt. # 49) is **dismissed with prejudice** as barred by the statute of limitations.

2. A separate Judgment shall be entered in this case.

**IT IS SO ORDERED** this 20th day of January, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT